UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Appellee,** )<br>)<br>vs. )<br>)<br>**MURALI VENKATA,** )<br>)<br>**Appellant.** )<br>) | No. 24-3021 |

### APPELLANT'S UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE

Appellant, Mr. Murali Venkata, through undersigned counsel, respectfully moves this Court to hold this appeal in abeyance pending the Supreme Court's ruling in *Stamatios Kousisis and Alpha Painting & Construction Co., Inc. v. United States*, No. 23-909. Appellant's Opening Brief is due on December 30, 2024. Deputy Chief of the Appellate Division Elizabeth Danello has indicated that the government has no opposition to this request.

As grounds for this motion, undersigned counsel states:

1. On April 11, 2022, Mr. Venkata was convicted of conspiracy to defraud the United States in violation of 18 U.S.C § 371 (Count 1); theft of government property in violation of 18 U.S.C. § 641 (Count 2); wire fraud in violation of 18

1

U.S.C. § 1343 (Count 11); and destruction, alteration or falsification of records in federal investigations in violation of 18 U.S.C. § 1519 (Count 16).

2. On January 26, 2024, Mr. Venkata was sentenced to 4 months of incarceration to be followed by 24 months of supervised release. The district court ordered that Mr. Venkata serve the first 8 months of his term of supervised release on home confinement.

3. Mr. Venkata completed his term of incarceration on June 28, 2024, and is currently serving his term of home confinement, which will expire in February of 2025.

4. Prior to his conviction, Mr. Venkata filed a Motion for Judgment of Acquittal and New Trial pursuant to Federal Rules of Criminal Procedure 29 and 33, and argued, among other things, that the evidence presented at trial was insufficient to sustain a conviction of wire fraud after the Supreme Court's decision in *Ciminelli v. United States*, 598 U.S. 306 (2023).

5. On May 16, 2023, the D.C. Circuit decided *United States v. Guertin*, 67 F.4th 445 (D.C. Cir. 2023), holding that the wire fraud statute applies "only to those schemes in which a defendant lies about the nature of the bargain itself." *Id.* at 451 (quoting *United States v. Takhalov*, 827 F.3d 1307, 1314 (11th Cir. 2016)).

6. On June 17, 2024, the Supreme Court granted certiorari in *Stamatios

2

*Kousisis and Alpha Painting & Construction Co., Inc. v. United States*, No. 23-909.

*Kouisis* implicates both the Supreme Court's ruling in *Ciminelli* and this Court's ruling in *Geurtin*.

    7.    The questions presented in *Kousisis* are as follows:

> The circuits are split 6-5 on the validity of the fraudulent inducement theory of mail and wire fraud.   The Questions Presented are:
> Whether deception to induce a commercial exchange can constitute mail or wire fraud, even if inflicting economic harm on the alleged victim was not the object of the scheme.
> Whether a sovereign's statutory, regulatory, or policy interest is a property interest when compliance is a material term of payment for goods or services.
> Whether all contract rights are "property."

Pet. at i., *Kousisis v. United States*, 23-909.

    8.    The Supreme Court's decision in *Kousisis* will resolve a critical legal issue in Mr. Venkata's appeal: whether his conduct violated 18 U.S.C. § 1343.   For these reasons, and with the consent of the government, Mr. Venkata respectfully requests that this Court hold this appeal in abeyance pending the Supreme Court's resolution of *Kousisis*.

WHEREFORE, appellant respectfully requests that his motion to hold this appeal in abeyance be granted and that the parties be directed to file motions to govern future proceedings within 30 days of the disposition of *Kousisis*.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
MATTHEW L. FARLEY
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500
Matthew_Farley@fd.org

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I hereby certify, pursuant to Federal Rules of Appellate Procedure 27 and 32, that the foregoing Motion to Hold Appeal in Abeyance was prepared in monospaced typeface using Microsoft Word Times New Roman 14-point font and contains 559 words in compliance with the Court's type-volume limits.

                                                 /s/
                                      MATTHEW L. FARLEY
                                      Assistant Federal Public Defender